If it pleases the Court, I am William Kiyosaki, IANG, for the petitioner. In this case, it's asylum and withholding denial, plus denial of voluntary departure. In my brief to this Court, I raised only one issue, the judge's determination of adverse credibility. However, the government's brief to the Court raises three completely different issues, the first one being the time bar for asylum application for over one year, that this Court has no jurisdiction to adjudicate that, which I agree. And then they also issue – they also bring up the third issue of voluntary departure, that this Court has no jurisdiction to rule on that, which I also agree. However, the second issue that the government brought up is that my petitioner did not exhaust administrative remedy, therefore, I cannot petition this Court for review on that issue. However, we did exhaust administrative remedy by appealing to the Board of Immigration Appeals, and this case is a matter of application for asylum and withholding of deportation based on fear of persecution if returned to China. And the facts were raised in the appeal to the BIA. And therefore, the only issue that I see is whether the immigration judge or the BIA was right in finding adverse credibility. The immigration judge found adverse credibility based on two main points, which I see two main points. The government saw three or four points. The first point is Mike Kline was an acrobatic performer, and he left the watchful eyes of his fellow performers at Disneyland when they were not watching him, so he escaped to a restroom, and he called his friend who came to pick him up. And the judge said this is inherently unbelievable. And the second point the judge said was, when the petitioner said he mailed DACA's Christian materials back to China to his house church members, on the envelope that he mailed it back to, he wrote his real name, his true name. Given the fact that he had problems with the police in China because of religion, the judge said this is, again, inherently unbelievable. What I'm saying is, escaping from Disneyland is not inherently unbelievable. He explained to the court that everybody was having a good time. It was the first time this Chinese group were allowed to visit Disneyland. So in the excitement, he sneaked away. And the second point regarding the envelope case, by the time he sent those documents back to China, those materials back to China, it was three years after he came to the United States already, after he joined the church in the United States for three years. And in the minds of the petitioner, he was not going back to China. Therefore, he put down his own name. Maybe it was still not wise to do that, but he did it anyway. So I believe the immigration judge's finding of adverse credibility was based on his own speculation. The I.J. seemed to think that he was prevaricating when he talked about the timing of why he did not apply for asylum, the timing in the hospital and all of these things. That's correct, Your Honor. That would be the third point and the fourth point that the government raised. Now, regarding the timing of how long he stayed in the hospital after the accident, the accident happened two months after he arrived in the United States in November of 1995. He told the court, I had a bad accident. I stayed in the hospital for even seven months. But the documents provided to the court shows only 10 days. But then the petitioner told the court, I wasn't feeling very well after the accident. So I don't know whether he stayed for seven months or 10 days, but that is not material in this case. That's not central to the asylum claim. That is not, that is, as we say, it doesn't go to the heart of the asylum claim. It may go to the heart of the time bar, but I already can see that he waited. It would go to the heart of the credibility claim. That's what the I.J. thought. Right. But it doesn't go to the heart of the claim. So you can prevaricate or lie about a non-item, and it doesn't go to credibility. The district, or the I.J. I guess maybe I'm trying to seek out here what I thought I read. The I.J. used that as one of the examples when judging credibility. And the swamp that we go to when we work credibility, we have a lot of cases on credibility determinations and who can do that. Are you saying that we should ignore whatever was said about the hospital because it wasn't material, and so whether he was accurate or not, it didn't make any difference when you make the credibility determination? Your Honor, if the lie, if it was a lie, if the lie enhances his claim of past persecution, it would go to the heart of the asylum claim. But the lie has nothing to do with the asylum, his fear of persecution. And besides, it happened five or six years before in 1995, and he applied for asylum in the year 2000. So I believe the last point that the government raised on credibility issues, if he was really that bad or that noticed by the Chinese police because of his Christianity activity, why did they let him out of China? He explained very reasonably. He said he was the only one in the acrobatic team that could perform a particular high-risk performance. That's why they allowed him. But they watched him. Those people who came with him watched him. So I believe this whole case rests on if the judge believes that he is credible, the facts of this case will support that he is eligible for at least withholding of deportation, if not asylum, which I think that one is time-barred already. Given the country condition that is in the records, I will just cite a very short paragraph. The country condition published by the United States Department of State says, unapproved religious groups, including Christian groups, experienced persecution, religious services were broken up, and church leaders or adherents were harassed, at times fined, detained, beaten, and tortured. In October of 1999, new legislation banning cults, c-u-l-t-s, was passed, and adherents of some unregistered religious groups reported that these new laws are used against them. So in balancing the facts, I believe if the court finds the petitioner credible, then the facts of this case will support a finding of withholding, at least. Thank you very much, Your Honor. Thank you. Margo Nadell. The petitioner in this case seeks review of four agency rulings, and the court is without jurisdiction to review all four of them. The petitioner has conceded that the court is without jurisdiction to review the agency's determination with respect to asylum and voluntary departure. But this court is also without jurisdiction to review the withholding of removal claim, because it was never raised before the Board of Immigration Appeals. We have cases which say that when you raise an asylum claim, you've automatically raised the withholding claim at the same time. What do we do with that? Well, even if this Court were to find that there was jurisdiction or is jurisdiction to review the withholding of removal claim, the immigration judge was supported by substantial evidence in finding that Mr. Gao was not credible and therefore not eligible for the review. Was he incredible as to any material issue that would go to withholding? Even if he was not credible as to an issue that was so to speak go to the heart of the claim, he was not credible overall. And the lying about the hospital stay and the testimony that was submitted, which was – Was he lying about that, or was he just – Some sort of confusion or contradiction, but the contradiction was he submitted – his own evidence suggested that he was hospitalized for two weeks. He attempted to explain in testimony that he was hospitalized for seven months in order to come up with a way to sort of explain his delay in filing for asylum. And the immigration judge relied upon that as well as other inconsistencies in the testimony and other things that were not believable and not credible in Mr. Gao's case in order to conclude that he was not credible. It seems to me that you can't uphold a lack of credibility as to the way he escaped and his sending of materials back to China and how they treated him in China. All those things seem to be unassailable. So unless you say whatever he did to try to establish a right to a one-year period for asylum, unless you can bring that in as showing him to be incredible, I have a problem. I think that the immigration judge, as the prior fact, is in the best position to ascertain whether or not the person testifying before him is testifying or her is testifying credibly. Well, it has to be as to the material items. Isn't that right? Right. It does have to be as to the material items. But if there is a lie or inconsistency as to one part of the testimony, the immigration judge can draw upon that to conclude that the individual appearing before the Court is not credible, that is not generally telling the truth. Well, is that enough that he's not generally telling the truth? Well, in addition to that, he also found that it was unlikely, given all the testimony that was given about how Mr. Gao was constantly followed and being monitored by these minders from China, that it was implausible that they would just, in a moment of celebration, forget about this person that they were concerned about and let him disappear without following up on it. That happens all the time, doesn't it? I don't know whether it happens all the time. I remember reading many times in the papers about athletes breaking away and asking for asylum. Well, I think that the point is not whether or not this Court might see it differently and might view the facts differently than the immigration judge did, but whether or not the immigration judge was supported by substantial evidence in making the findings that the immigration judge found. Let me get into big trouble here. I'm very disturbed by this case and this discussion because I think I'm watching TV and the politicians argue about what's material to perjury. It seems to me that we're either going to get into our cases on what our function is on credibility and try to stick to the law or we're going to try to make it up as we go along and say we're going to throw this out because it's not material, I'm going to throw that out. I thought that what the AG was trying to do is take the facts that were presented by the petitioner relative to the relief he wanted and then try to say, well, is it credible? Is it credible about his stay in the hospital? Well, he said I didn't file for all these years because I was sick for seven months. Is it credible and is it probative? I don't know if we're going to start sorting this out. Are you saying that some things can be thrown out and that some things that are not material should not be looked at? No, no, Your Honor. I mean, I think that the entirety of the testimony and everything that comes before it is a misunderstanding. Well, somebody skipped over a bunch of stuff here. The point is he testified, as I understand, that he was in trouble in China and he was made a janitor because of his Christianity. Right. They needed his act so they put it back into the game and he trained and he came over under watch. He couldn't approach people to give him a, what do you call it? Autograph. An autograph. And they watched him on that, but yet when he went to the bathroom in all of Disneyland, they say, well, that's not credible. I'm having trouble with this. If we're going to parse through all these things, I'm going to have to figure out which one of these things are material. We're not doing a perjury analysis here, are we? No, we're not. We're not. We're looking at what would be material to his claim and to his fear. And one of the things that the immigration judge looks at is whether or not the story as a whole is persuasive and credible and makes sense. And in order to determine whether or not the person appearing before the judge is telling a true story, the judge looks at everything that the person has testified to, including things like whether or not he was minded in one situation and then left to his own devices in another. All right. Okay. Well, in conclusion, the government requests that because this Court lasts jurisdiction to review the agency's findings, that the petition for review should be dismissed and that any alternative substantial evidence does support the immigration judge's findings and the affirmance of that opinion. Thank you. No rebuttal? All right. Very well. This matter is submitted.
judges: B. Fletcher, Pregerson, Brunetti